**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **CHRISTOPHER LEE WILLIAMS,** )<br>    **ID #1402067** )<br>        **Petitioner,** )<br>vs. )<br> )<br>**NATHANIEL QUARTERMAN, Director,** )<br>**Texas Department of Criminal** )<br>**Justice, Correctional Institutions Division,** )<br>        **Respondent.** ) | **No. 3:07-CV-1805-G (BH)**<br>**ECF**<br>**Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

**A. Nature of the Case**

Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254 to challenge the sentence imposed after his August 23, 2006 conviction for sexual assault of a child in Cause No. 30,377. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural and Factual History**

On August 23, 2006, pursuant to a plea agreement, petitioner pled guilty to the second degree felony of sexual assault of a child. (State Habeas Transcript[WR-67,711-02]:1, 17-20). He was sentenced to five years confinement in TDCJ. *Id*. at 22. No appeal was taken. On April 5, 2007, petitioner filed a state application for writ of habeas corpus. *Id*. at 27. On June 13, 2007, the Court of Criminal Appeals denied petitioner's state application without written order. *Id*. at cover.

On September 19, 2007, petitioner filed a petition for federal habeas relief in the Eastern District of Texas. On October 11, 2007, petitioner's case was transferred to this Court. Respondent

filed an answer on November 28, 2007.

## C. Substantive Issues

Petitioner asserts that: (1) the indictment against him is invalid or defective because it states that the victim is a child, rather than a minor; (2) he has been erroneously denied time credits; (3) his guilty plea was involuntary; and (4) his trial counsel was ineffective in several respects. (Pet. at 7-8).

## D. Procedural Issues

Respondent contends that petitioner failed to exhaust his third and fourth grounds at the state level and that these claims are procedurally barred.

Because it appears that petitioner is entitled to no habeas relief on the alleged unexhausted claims, the Court bypasses these procedural issues and proceeds to the merits of claims. *See* 28 U.S.C. § 2254(b)(2) (providing that the Court may deny a habeas petition on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998) (reaffirming pre-AEDPA law that "when, as in this case, exhaustion is not waived, courts have the 'discretion in each case [under § 2254(b)(2)] to decide whether the administration of justice would be better served by insisting on exhausting or by reaching the merits of the petition forthwith'"); *Braswell v. Dretke*, No. 3:02-CV-0342-M, 2004 WL 2583605, at *4 (N.D. Tex. Nov. 12, 2004) (findings, conclusions, and recommendation which recognizes that "the district courts may deny habeas relief for procedurally defaulted claims" in lieu of deciding the issue of procedural bar), *accepted by* 2005 WL 1058865 (N.D. Tex. May 2, 2005).

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's state writ constitutes an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). Thus, the AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] prece-

3

dent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. DEFECTIVE INDICTMENT

In his first ground for relief, petitioner asserts that the State's indictment against him is invalid or defective because it charged him with sexual assault of a child although the victim was over the age of fourteen but under seventeen. Petitioner asserts that she was a minor, not a child.

"The sufficiency of a state indictment is not a matter for federal habeas corpus review unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Alexander v. McCotter*, 775 F.2d 595, 598 (1985). Petitioner has not shown that the convicting court had no jurisdiction over him. Moreover, under the state law outlining the offense of sexual assault, a child is defined as a person younger than seventeen years of age who is not the spouse of the indicted person. *See* TEX. PENAL CODE ANN. § 22.011(c)(1) (Vernon 2005). In fact, had the victim been under fourteen years of age, the sexual assault would have been an aggravated sexual assault under state law. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (Vernon 2007). The indictment tracks the applicable state law correctly. The state habeas court denied this claim on its merits, and this Court does not sit in review of a state court's interpretation of its own law. *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). Petitioner

is not entitled to any relief based on this claim.

## IV.  TIME CREDIT

In his second ground for relief, petitioner asserts that he is being denied 154 days he spent incarcerated prior to his trial by the TDCJ, although this time was awarded to him by the trial court that sentenced him.

The judgment, dated August 23, 2006, states that the date that the five-year sentence was both imposed and commenced was August 23, 2006, and that petitioner was credited with 154 days back time. (S.H.Tr.[WR-67,711-02]:22).  It is also noted on the plea agreement signed by petitioner that he would receive 154 days of credit to his sentence.  *Id*. 17.  Respondent has submitted as an exhibit an inquiry from the TCDJ which indicates that petitioner was sentenced on August 23, 2006, but the actual sentence began on March 22, 2006, 154 days earlier. (Resp. Ex. A).  Likewise, the TDCJ's website indicates that petitioner's projected release date, if not released on parole earlier, is March 22, 2011, again reflecting a five-year sentence with a beginning date of March 22, 2006.  Contrary to petitioner's contention, the record reflects that he has received the credits about which he complains.[1]  The state habeas court's denial of this claim on its merits is not contrary to federal law, and this ground for relief should be denied.

## V.  INVOLUNTARY PLEA

Petitioner next contends that his guilty plea was involuntary.  Specifically, he contends that the District Attorney "threatened" him that if he did not plead guilty, he would file enhancement paragraphs that would in effect start petitioner's sentencing at twenty-five years, if found guilty.

---

[1] The state court records do reflect that, pursuant to a plea agreement, petitioner also pled guilty and was sentenced on August 23, 2006, to a five-year sentence for bail jumping and failure to appear. (S.H.Tr.[WR-67,711-01]:14).  Pursuant to the plea agreement in that case, petitioner was to be given credit for 63 days he spent incarcerated prior to trial, and the judgment reflects this amount of credit as well. *Id*. at 14, 19.  Indeed, on the TDCJ inquiry form, this conviction is also listed with a sentence start date of June 21, 2006, reflecting a credit of 63 days. (Resp. Ex. A).  Because of this difference in start dates for the two convictions, petitioner may not have the same release date with the TDCJ as for the assault conviction.  However, petitioner does not challenge these convictions in his federal petition, and the time credits he received in that case have no bearing on the case at hand.

5

A plea of guilty waives a number of constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969); *Joseph v. Butler*, 838 F.2d 786, 789 (5th Cir. 1988). Therefore, the Fourteenth Amendment Due Process Clause imposes certain requirements to ensure the validity of a guilty plea. *Fischer v. Wainwright*, 584 F.2d 691, 692 (5th Cir. 1978) (citing *Brady v. United States*, 397 U.S. 742 (1970); *Boykin*, 395 U.S. 238; *Johnson v. Zerbst*, 304 U.S. 458 (1938)). "*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). In addition, "the voluntary and intelligent nature of the plea [must] be apparent on the face of the record." *See Holloway v. Lynaugh*, 838 F.2d 792, 793 (5th Cir. 1988).

A plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady*, 397 U.S. at 748). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Id.* (quoting *Brady*, 397 U.S. at 749). Pleas are involuntary when induced by threats, improper promises, deception, or misrepresentation. *See Daniel v. Cockrell*, 283 F.3d 697, 702-03 (5th Cir.), *cert. denied*, 537 U.S. 874 (2002); *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). "Before the trial court may accept a guilty plea, the court must ensure that the defendant 'has a full understanding of what the plea connotes and of its consequence.'" *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991) (quoting *Boykin*, 395 U.S. at 244). "A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

6

A prisoner may not generally "collaterally attack a voluntary and intelligent" plea. *Taylor*, 933 F.2d at 329. A guilty plea "entered by one fully aware of the direct consequences . . . must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes)." *See Brady*, 397 U.S. at 755. "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981) (per curiam).

The record reflects that petitioner signed a plea agreement in which he agreed to plead guilty to the sexual assault of a child and would receive a five-year sentence for the conviction. Petitioner also signed a document entitled "Admonishments to Defendant." This document states that petitioner confesses that he committed the offense as charged in the indictment and that he waived his right to a jury trial, the appearance, confrontation, and cross-examination of witnesses. The document also states that no one had promised or threatened anything to obtain petitioner's plea, other than the recommendation contained in the plea bargain itself, and that petitioner had not been coerced in any way. (S.H.Tr.[WR-67,711-02]:17, 19-20).

Petitioner signed documents indicating that he understood the charges against him and the consequences of his guilty plea, that he was guilty as charged, and that notwithstanding his current assertion, that he was not threatened or coerced into pleading guilty. Moreover, while petitioner alleges that he was "threatened" by the prosecutor, his own statement reflects that the prosecutor informed either him or his attorney that should petitioner proceed to trial, the prosecutor intended to seek to have petitioner's conviction enhanced by prior convictions. Petitioner does not allege, much less show, that this was either a misrepresentation by the prosecutor of petitioner's criminal history or that this was an improper action. Petitioner has not overcome the presumption of regularity and "great weight" accorded state-court records. *See Bonvillian v. Blackburn*, 780 F.2d

7

1248, 1252 (5th Cir. 1986) (holding that state-court records are accorded "great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that state-court records are entitled to a "presumption of regularity"). Accordingly, the Court finds that petitioner made a knowing and voluntary plea of guilty to the charged offense, and he is not entitled to relief on this claim.

## VI. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, petitioner contends that his trial counsel was ineffective for: 1) failing to file a motion for discovery; 2) refusing to provide petitioner with copies of the indictment and plea agreement; 3) refusing to check prior cases involving the same victim; 4) refusing to request DNA testing; 5) informing petitioner that the charge would not be an aggravated one; 5) refusing to withdraw as counsel; and 6) refusing to present a defense of alibi.

Guilty pleas are "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-771 (1970)). With respect to guilty pleas, "[c]ounsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin*, 407 U.S. 25, 34 (1972). However, once a criminal defendant enters a knowing, intelligent, and voluntary guilty plea, all non-jurisdictional defects in the proceedings below are waived except for claims of ineffective assistance of counsel relating to the voluntariness of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

To successfully state a claim of ineffective assistance of counsel, petitioner must demonstrate

8

(1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a petitioner alleges he was denied effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). "[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

Because this Court has determined that petitioner's guilty plea was voluntary, in order to establish that his trial counsel was ineffective he must establish that any error on counsel's part was so great that but for the error, petitioner would not have pled guilty. With regard to petitioner's assertion that counsel was ineffective for failing to file a motion for discovery and for failing to obtain DNA testing, petitioner has neither alleged nor shown that there was DNA or other evidence in existence that would have been vital to his case had it been provided to defense counsel. Without any support for his allegations, habeas relief is unwarranted. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (conclusory allegations do not raise a constitutional issue in federal habeas proceeding). As for petitioner's assertion that counsel was ineffective for failing to check prior cases that might have involved the same victim, petitioner has not shown that such evidence would have either been relevant or admissible under state law. *See* TEX. R. EVID. 412(b)(2) & (3) (stating that a sexual assault victim's prior sexual history is not admissible as evidence at the trial of the perpetrator except in very limited circumstances). Again, petitioner is not entitled to relief based on this conclusory allegation. Petitioner's claim that counsel was ineffective for informing him that the charge was not aggravated is without merit because petitioner indeed pled guilty to sexual assault, not aggravated sexual assault. Regarding petitioner's allegation that counsel was ineffective

9

for refusing to withdraw as counsel, petitioner's own statements show that he requested new counsel from the trial court and was refused. Counsel was not ineffective for not withdrawing as appointed counsel when not permitted to do so by the trial court.

Finally, as to petitioner's assertions that counsel was ineffective for failing to provide him with copies of the indictment and plea agreement and for refusing to present an alibi defense, petitioner has failed to establish that but for the alleged errors, he would not have pled guilty and would have proceeded to trial. First, while petitioner asserts that counsel could have subpoenaed security tapes showing his whereabouts at the time of the "incident," he makes no showing of the existence of any such tapes. Second, while petitioner complains he was not provided copies of the indictment or plea agreement, petitioner does not assert that he was unaware of the offense he was charged with and pled guilty to, or unaware of the terms of the plea agreement that he signed. Petitioner has therefore not established that but for these alleged deficiencies in representation, he would not have pled guilty. He is not entitled to relief on the basis of his ineffective assistance of counsel claim.

## VII. STATE CONSIDERATION OF CLAIMS

Petitioner raised his first two claims in his state writ. The Court of Criminal Appeals denied the state writ, and thus petitioner's claims were adjudicated on the merits. This decision at the state level is consistent with applicable Supreme Court precedent. The decision involved no unreasonable application of Supreme Court precedent. The adjudication of the claims did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state court. Under applicable Supreme Court standards and the AEDPA standards, petitioner is entitled to no habeas relief on the claims raised in his petition.

## VIII. RECOMMENDATION

The Court should **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED on this 23rd day of March, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE